888 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald CAMBRELL, Defendant-Appellant.
 No. 89-5015.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 10, 1989.
Decided Oct. 11, 1989.
 
 Joseph John McCarthy, Dawkins, Hanagan, McCarthy & Sengel, for appellant.
 Dennis Michael Kennedy, Office of the United States Attorney, for appellee.
 Before SPROUSE and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ronald Cambrell was convicted after a jury trial of possession of a shank without authorization by the administrator of the Lorton Reformatory, in violation of 18 U.S.C. Sec. 13, assimilating Va. Code Ann. Sec. 53.1-203(4). Cambrell appeals on grounds of insufficient evidence and trial court errors concerning cross-examination. We find no reversible error and affirm the conviction.
 
 
 2
 Cambrell contends that the government failed in its proof on the element that Cambrell enjoyed no authorization by the administrator to possess the weapon.[1] He argues that the government's solicitation of testimony from two correctional officers to prove that Cambrell was not authorized to carry the weapon violated Rule 802 of the Federal Rules of Evidence, barring the admissibility of hearsay. In Cambrell's view, if the Reformatory Administrator's position on inmates possessing weapons was set out in a publication, then the government should have offered the publication to prove the "no authorization" element. On the other hand, if the administrator's position was conveyed verbally, then the government should have produced the administrator to testify as to his policy. We disagree. We conclude that the testimony from the prison guard and the Chief of Security of the Central Facility was not hearsay. Both witnesses could testify from their personal knowledge concerning the rules and regulations they were charged with enforcing, including the rule prohibiting inmates under their charge from possessing weapons. Additionally, it defies common sense in the prison setting to credibly argue that prison guards, who are not permitted to carry weapons around the inmates, would not be aware of which, if any, of the inmates are authorized by the prison administrator to carry weapons. These correctional officers, therefore, could offer non hearsay testimony that Cambrell was not authorized to carry the shank. The evidence on this element of the offense was admissible and, when combined with the rest of the government's evidence, was sufficient to sustain the conviction. United States v. Glasser, 315 U.S. 60, 80 (1942).
 
 
 3
 Cambrell also contends that he was unfairly prejudiced when the government was permitted to (1) cross-examine him concerning the length of time that he had been in the institution; and (2) cross-examine a defense witness regarding the length of time that the witness had known Cambrell. Specifically, he argues that any inquiry as to the length of time that he spent in the institution was irrelevant to the question as to whether he possessed a shank on the day charged. Additionally, he contends that the trial court erred in permitting the government to question him regarding the names of his attackers, thereby forcing him to decline to answer the question before the jury. He argues that the probative value of the evidence that would have resulted from answering the questions was outweighed by the prejudicial effect presented by the confusion of the issues. He contends that his reluctance to name his attackers out of fear of retaliation was reasonable and forcing him to decline to do so cast him in a bad light before the jury.
 
 
 4
 We find no merit to either of these arguments. Not only was the cross-examination proper, it is clear that Cambrell suffered no unfair prejudice from its limited scope. Finally, Cambrell has shown no prejudice from the questioning surrounding the identity of his attackers. No punitive action was taken as a result of his refusal to identify them, and no defense testimony was stricken. In fact the refusal may have aided his "duress" defense by conveying to the jury the retaliatory environment in the institution.
 
 
 5
 Because the facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument, we dispense with it. Fed.R.App.P. 34(a)(3).
 
 
 6
 AFFIRMED.